IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRADLEY JOHNSON,

    Plaintiff,

v.                                                      CV 13-0904 MV/WPL

UNITED STATES OF AMERICA,
JAMES HASKELL and UNITED
SERVICES AUTOMOBILE ASSOCIATION,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on my Order Quashing Order to Show Cause and Directing Plaintiff to Effect Service, in which I directed Bradley Johnson to effect service on James Haskell by June 5, 2014. (Doc. 25.) For the reasons described below, I recommend that the Court dismiss all claims against Haskell without prejudice and dismiss him from this action.

As described in my previous Orders, Johnson filed his complaint in this action on September 19, 2013, and unsuccessfully attempted service on Haskell ten days later. After 120 days had passed with no further attempts to effect service, the Honorable Lourdes A. Martinez ordered that Johnson show cause for his failure to serve Haskell by February 13, 2014. (Doc. 13.) On that date, Johnson filed a response saying that he had unsuccessfully attempted to serve Haskell ten days earlier. Judge Martinez extended the service deadline to March 24, 2014, but the record does not reflect any other attempts to serve Haskell before that deadline. I issued a second Order to Show Cause on April 22, 2014 (Doc. 18), after which time Johnson unsuccessfully attempted "telephone service" on Haskell four times (Doc. 22).

At a status conference on May 6, 2014, counsel for Johnson stated that he had spoken to Haskell via telephone, that he had instructed his process server to effect personal service rather than "telephone service,"[1] and that he wanted to continue his efforts to serve Haskell. At the conclusion of the status conference, I gave Haskell an additional thirty days, until **June 5, 2014**, to effect service and told the parties that the case would be moving forward one way or the other after that time. (*See* Doc. 24; Doc. 25.) On June 6, 2014, when my chambers staff contacted the office of Johnson's attorney to inquire about the status of service on Haskell, counsel's assistant stated that service had not yet been effected.

Federal Rule of Civil Procedure 4(m) provides 120 days for a plaintiff to effect service of process after filing a complaint. In this case, 260 days have passed since the complaint was filed—well over double the permissible period under Rule 4(m)—yet service on Haskell still has not been effected. Moreover, the record reflects that Johnson's attempts to effect such service have been halfhearted at best. Johnson only attempted service on Haskell one time within the original 120-day service period; he only attempted service one additional time after Judge Martinez issued her Order to Show Cause; and he did not even bother to attempt service a third time after Judge Martinez extended the service deadline until I issued a second Order to Show Cause. Although counsel for Johnson claimed at the May 6 status conference that he had located a telephone number for Haskell in March and had attempted to reach him several times, he did not actually reach Haskell by phone until late April, just after the second Order to Show Cause was filed. The record reflects no other attempts to serve Haskell after the string of "telephone service" attempts in late April.

---

[1] Plaintiff's counsel also admitted at the status conference that he knows of no state or federal rule allowing service by telephone in the District of New Mexico.

It is well past time to proceed with discovery and other initial matters in this case. Although Defendant United Services Automobile Association has already been dismissed (*see* Doc. 26), the United States of America remains a Defendant, and I would not prejudice it any further by recommending additional delays. Accordingly, I recommend that the Court dismiss all claims against James Haskell without prejudice and dismiss Haskell from this action.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.