IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRADLEY JOHNSON,

       Plaintiff,

v.                                                                                                           CV 13-0904 MV/WPL

UNITED STATES OF AMERICA,
JAMES HASKELL and UNITED
SERVICES AUTOMOBILE ASSOCIATION,

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Bradley Johnson's Motion for Leave to File Plaintiff's First Supplemental Complaint. (Doc. 31.) For the reasons stated herein, I recommend that the Court deny Johnson's motion.

Johnson originally brought this action against three Defendants. Although he voluntarily dismissed his claims against the United Services Automobile Association (Doc. 26), the history of his claim against Haskell is more drawn out. Johnson's failure to timely serve process upon Haskell has been discussed at length elsewhere in this action and need not be repeated here; suffice it to say that Johnson failed to serve Haskell despite numerous lengthy extensions of the 120-day deadline to effect service under Federal Rule of Civil Procedure 4(m). (*See, e.g.*, Doc. 27.) On June 25, 2014, the Court adopted my recommendation that Johnson's claims against Haskell be dismissed without prejudice. Only Johnson's Federal Tort Claims Act claim against the United States (Doc. 1 at 3-4) remains pending.

On July 24, 2014—almost one month to the day after the Court dismissed Haskell from this action—Johnson filed the instant motion. Johnson's proposed amended complaint (Doc. 31 Ex. A) does not alter his remaining claim against the United States, and it does not raise any new claims against the United States or any new parties. The proposed amended complaint does, however, reassert Johnson's negligence claim against Haskell in full. (*See id.* at 4-5.)

Rule 15 allows parties to amend or supplement their pleadings, subject to certain restrictions. As a general rule, the court considering a party's motion for leave to amend a pleading "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave to amend for reasons such as undue delay or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204-06 (10th Cir. 2006).

Notwithstanding the liberality called for by Rule 15(a)(2), and even assuming that Johnson has now served a copy of the proposed amended complaint on Haskell,[1] the law governing these circumstances is clear. A plaintiff is allotted 120 days to serve process on a defendant, FED. R. CIV. P. 4(m), and "the 120-day period . . . is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint," *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (citations omitted). Haskell was purportedly served with process on July 10, 2014, or 294 days after the original complaint was filed. Johnson has failed to show cause for this substantial delay, despite having

---

[1] Though Haskell certifies that he served a copy of the amended complaint "on Defendants" (Doc. 31 at 1), his Certificate of Service at the end of the instant motion only certifies delivery to Rumaldo R. Armijo, "Atty for USA" (*id.* at 2). (Johnson also certifies that the instant motion was served on Mr. Armijo on July 10, 2014, which is somewhat odd since the motion was filed two weeks later.) It is therefore unclear whether Haskell has been served at all. However, because I ultimately conclude that service on Haskell is untimely in any event, I will assume for purposes of recommending disposition on this motion that Johnson has, in fact, served his amended complaint on Haskell.

previously been given numerous opportunities to do so. Accordingly, Johnson's service of process upon Haskell remains untimely.

Because the only effect of granting Johnson leave to amend his complaint would be to reinstate a claim against Haskell despite his untimely service on that Defendant, such amendment would be futile. Moreover, Johnson has failed to provide a reason for the undue delay in serving process on Haskell. "[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *See Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."). For these reasons, I recommend that the Court deny Johnson's motion for leave to amend his complaint (Doc. 31).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

                                               *William P. Lynch*
                                               William P. Lynch
                                               United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.